# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHOPPES AT MONTAGE, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-0122 |
| v. | (JUDGE CAPUTO) |
| S&K FAMOUS BRANDS, INC., | |
| Defendant. | |

## **MEMORANDUM ORDER**

Presently before the Court is the Complaint of Plaintiff Shoppes at Montage, LLC. (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of*

*Trs.,* 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the Plaintiff.  The Complaint alleges that Shoppes at Montage, LLC is a limited liability company organized and existing under the laws of Pennsylvania with its principal place of business in Ohio.  This are the necessary averments to determine the states of citizenship of a corporation.  *See* 28 U.S.C. § 1332(c)(1).  However, a limited liability company is treated as a partnership rather than a corporation for diversity jurisdiction purposes, meaning that its citizenship is determined by the citizenship of all its members. *Kalian at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n*, 275 F. Supp. 2d 578, 586 (M.D. Pa. 2003); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (U.S. 1990) ("diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members") (internal quotations omitted); *Kimberly-Clark Pa., LLC v. Del. County Reg'l Water Quality Control Auth.*, 527 F. Supp. 2d 430, 433 (E.D. Pa. 2007) (noting that, while the Third Circuit has not determined whether a LLC is deemed a corporation or a partnership for diversity purposes, every other circuit to address the question treats it as a partnership). Because Plaintiff fails to allege facts regarding the citizenship of its members, the Court cannot determine complete diversity of citizenship exists and thus

cannot exercise jurisdiction.

Accordingly, the Court will dismiss without prejudice the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this __22nd__ day of January, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.   The Clerk of the Court shall mark this case **CLOSED**.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge